UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK SMITH, | CASE NO. C18-0701JLR |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTIONS |
| v. | |
| EVERGREEN TREATMENT SERVICES, | |
| Defendant. | |

## I. INTRODUCTION

Before the court are two motions: (1) *pro se* Plaintiff Mark Smith's motion for court-appointed counsel (MFC (Dkt. # 7)); and (2) Mr. Smith's motion for an extension of time to complete service of process and for an order directing the United States Marshal to accomplish service on his behalf (MFE (Dkt. # 8)). The court addresses each motion in turn.

//

## II. BACKGROUND & ANALYSIS

On May 14, 2018, Mr. Smith filed a complaint alleging employment discrimination against Defendant Evergreen Treatment Services ("Evergreen"). (*See* Compl. (Dkt. # 1).) On August 14, 2018, Mr. Smith filed a motion for the appointment of counsel and a motion for an extension of time to complete service of the summons and complaint and for an order directing the United States Marshal to conduct service of process on his behalf. (*See* MFC; MFE.) On August 23, 2018, Evergreen's counsel filed a notice of appearance. (Notice (Dkt. # 10).)

### A. Motion for Appointment of Counsel

Mr. Smith asks the court to appoint counsel to represent him. (*See generally* MFC.) This District has implemented a plan for court-appointed representation of civil rights litigants. The plan currently in effect requires the court to assess a plaintiff's case before forwarding it to a pro bono screening committee for further review and a possible appointment of pro bono counsel. *See* General Order 10-05, August 1, 2010, Section 3(c) (In re Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions). Mr. Smith's submissions satisfy the court that there is an adequate basis to refer his case to the Screening Committee.

Under Section 3(c) of the District's pro bono plan, the court directs the Clerk to forward the plaintiff's complaint (Dkt. # 1), all attachments thereto, and the motion for appointment of counsel (Dkt. # 7) to the Screening Committee. *See* General Order 10-05, August 1, 2010, Section 3(c). The court further directs the Screening Committee to review the case and make a recommendation to the court in accordance with the pro bono

plan and the rules for the pro bono panel on or before September 24, 2018. The Clerk shall renote Mr. Smith's motion to appoint counsel for September 24, 2018, pending the Screening Committee's recommendation regarding the appointment of counsel. *See* General Order 10-05, August 1, 2010, Section 3(f).

**B.      Motion for an Extension of Time and for the United States Marshal to Perform Service of Process**

Mr. Smith also asks the court for an extension of time to serve the summons and complaint and for an order directing the United States Marshal to serve process on his behalf. (*See generally* MFE.) Mr. Smith states that he is presently living in Hartford, Connecticut. (*Id.* at 1.) He also states that he has attempted but failed to obtain a waiver of service from Evergreen's counsel. (*Id.*) He states that on July 17, 2018, he mailed a waiver of summons form, a copy of the complaint,[1] and a self-addressed and stamped envelope to Evergreen, but has not yet received a response from Evergreen. (*Id.*) The court notes that Evergreen's counsel appeared on August 23, 2018—more than a month after Mr. Smith states he mailed the summons and complaint to Evergreen. (*See* Notice.)

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R Civ. P. 4(m). More than 90 days has passed since Mr. Smith filed his complaint. (*See* Compl.) However, Rule 4(m) also

---

[1] Mr. Smith states that he sent a "copy of the lawsuit." (MFE at 1.) The court interprets this statement as indicating that he sent a copy of the complaint.

provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The court finds that, for the reasons stated in Mr. Smith's motion and in light of his *pro se* status, there is good cause to extend the time for service of process. Therefore, the court will extend the deadline for accomplishing service of process to September 28, 2018.

The court notes that on August 23, 2018, Evergreen's counsel appeared in this action even though Mr. Smith has not yet accomplished service of process. (*See* Notice.) Under Rule 4(d)(1), Evergreen "has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Under this Rule, Mr. Smith "may notify [Evergreen] that an action has been commenced and request that [Evergreen] waive service of [the] summons." *See id.* In his motion, Mr. Smith indicates that he attempted to so notify Evergreen.[2] (*See* MFE at 1.) If Evergreen, without good cause, fails to sign and return

---

[2] The notice and request must:

    (A) be in writing and be addressed:
        (i) to the individual defendant; or
        (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
    (B) name the court where the complaint was filed;
    (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
    (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
    (E) state the date when the request is sent;
    (F) give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and
    (G) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1)(A)-(G).

such a waiver, the court is required to impose on Evergreen (1) "the expenses later incurred in making service," and (2) "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2)(A), (B). The court anticipates that with Evergreen's counsel's appearance, any difficulties surrounding Mr. Smith's ability to accomplish service of process will be eased.

Mr. Smith also asks the court to order the United States Marshal to accomplish service of process on his behalf. (MFE at 2 ("Plaintiff hereby requests that in the interest of justice and fairness the court order that process by [sic] served by United States Marshall [sic] service.").) If Mr. Smith were proceeding *in forma pauperis*, the court would be required to order the United States Marshal or deputy marshal to accomplish service on his behalf. *See* Fed. R. Civ. P. 4(c)(3). Mr. Smith is not, however, proceeding *in forma pauperis*. (*See generally* Dkt.) Although Mr. Smith asserts that he "is of limited financial means" (MFE at 1), there is no evidence in the record supporting that contention (*see generally* Dkt.). In any event, the extension of time and the other guidance the court has provided to the parties will allow Mr. Smith to accomplish service of process without the aid of the United States Marshal. Accordingly, the court denies Mr. Smith's request.

### III. CONCLUSION

Based on the foregoing analysis, the court DEFERS RULING on Mr. Smith's motion to appoint counsel (Dkt. # 7). The court REFERS this motion to the Screening Committee, as outlined in the court's Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions, and DIRECTS the Clerk to renote Mr. Smith's motion

to appoint counsel for September 24, 2018. The court GRANTS in part and DENIES in part Mr. Smith's motion for an extension of time to accomplish service of process (Dkt. # 8). The court GRANTS Mr. Smith an extension of time until September 28, 2018, to accomplish service of process, but DENIES Mr. Smith an order directing the United States Marshal to serve process on his behalf.

Dated this 27th day of August, 2018.

JAMES L. ROBART
United States District Judge