UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK SMITH,<br><br>               Plaintiff,<br>   v.<br><br>EVERGREEN TREATMENT SERVICES,<br><br>               Defendant. | CASE NO. C18-0701JLR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL RULE 26 DISCLOSURES AND FOR SANCTIONS |

Before the court is *pro se* Plaintiff Mark Smith's motion to compel Federal Rule of Civil Procedure 26(a)(1)(A) disclosures from Defendant Evergreen Treatment Services ("ETS") and for sanctions. (MTC (Dkt. # 19). ETS opposes Mr. Smith's motion. (*See* Resp. (Dkt. # 20).) For the reasons stated below, the court DENIES Mr. Smith's motion without prejudice to refiling, if appropriate, after he complies with the Federal Rules of Civil Procedure and the court's Local Rules concerning the filing of motions to compel discovery or disclosures.

In his motion, Mr. Smith failed to include the required certification that he "ha[d] in good faith conferred or attempted to confer with the person or the party failing to make the disclosure . . . in an effort to obtain it without court action." *See* Fed. R. Civ. P. 37(a)(1); (*see generally* MTC); *see also* Local Rules W.D. Wash. LCR 37(a)(1). Local Rule LCR 37(a)(1) states that "[a] good faith effort to confer with a party or person not making a disclosure . . . requires a face-to-face meeting or a telephone conference." Local Rules W.D. Wash. LCR 37(a)(1). Prior to filing his motion, Mr. Smith did not communicate with ETS's counsel regarding his intent to file this motion or to seek sanctions.[1] (Pruett Decl. (Dkt. # 20-1) ¶ 2.)[2] The court's Local Rules provide: "If the movant fails to include . . . a [meet and confer] certification, the court may deny the motion without addressing the merits of the dispute." Local Rules W.D. Wash. LCR 37(a)(1). Because Mr. Smith failed to meet and confer with ETS's counsel and failed to include a certification to that effect in his motion as required under both the Federal Rules of Civil Procedure and the court's Local Rules, the court DENIES his motion (Dkt.

//

//

//

---

[1] ETS's counsel attests that she advised Mr. Smith that his motion did not comply with Federal Rule of Civil Procedure 37(a) and asked him to withdraw the motion in order to conduct a Rule 37(a) conference. (Pruett Decl. ¶ 2.) She further attests that Mr. Smith refused to do so. (*Id.*) The parties should be advised that "[i]f the court finds that counsel for any party, or a party proceeding *pro se*, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in [L]CR 11. . . ." Local Rules W.D. Wash. LCR 37(a)(1) (italics added).

[2] Mr. Smith did not file a reply memorandum in support of his motion. (*See generally* Dkt.) Accordingly, ETS's counsel's declaration stands uncontested.

# 19). Mr. Smith may refile his motion, if appropriate, after he meets and confers with ETS's counsel and attempts to resolve their dispute without court action.[3]

Dated this 19th day of November, 2018.

*JAMES L. ROBART*
United States District Judge

---

[3] The court is aware of Mr. Smith's *pro se* status. Nevertheless, *pro se* litigants must adhere to the court's rules. *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir.1986) ("Although *pro se*, [the plaintiff] is expected to abide by the rules of the court in which he litigates.") (italics added). Mr. Smith can find a copy of the Federal Rules of Civil Procedure, the court's Local Rules, and other aids for *pro se* litigants on the court's website at http://www.wawd.uscourts.gov/representing-yourself-pro-se.