UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

MARK SMITH, an individual

    Plaintiff,

v.

EVERGREEN TREATMENT SERVICES,

    Defendant.

Case 2:18-cv-00701-JLR

---

### ORDER GRANTING ON DEFENDANT'S UNOPPOSED MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

Before the court is Defendant Evergreen Treatment Services' Motion to Dismiss Plaintiff's Complaint. Pro Se Plaintiff, Mark Smith, was served with the Motion via U.S. Mail on or about September 13, 2019 (Dkt. #33). The motion is unopposed. The court has reviewed the motion (Dkt #32), the Certification and Declaration of Theresa E. Pruett in Support of Defendant's Motion to Dismiss (Dkt. # 32-1), the court's August 14, 2019 Minute Entry (Dkt. #31), related submissions of the parties, the relevant portions of the record, and the applicable law.

ORDER GRANTING DEFENDANT'S
UNOPPOSED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
Page 1 of 4

Reed Pruett Walters PLLC
11120 NE 2nd Street NE, Suite 200
Bellevue, WA 98004
425-512-3253

Pursuant to Fed. R. Civ. P. 37(b)--(d), and 41(b), the court may dismiss an action with prejudice for plaintiff's unreasonable failure to cooperate during discovery or failure to comply with a court order. To justify dismissal as a sanction, the court must also make a finding of "willfulness, bad faith, or fault of the party." *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 599 (9th Cir. (1983). In addition to a finding of willfulness, the court must also consider five additional factors ("Eisen Factors"): (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *SW. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000). Dismissal is appropriate when at least four factors favor dismissal or where at least three factors "strongly" favor dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

Although [~~Because~~] the motion is unopposed, the court [~~accepts as true~~] has carefully reviewed the allegations stated in the motion and supported by declaration, and finds they warrant dismissal with prejudice in this case. For almost a year, Mr. Smith has failed to respond to discovery and failed to comply with relevant discovery rules. He has also failed to comply with the Court's August 14, 2019 Minute Entry (Dkt. #31). Mr. Smith has not answered Defendant's November 29, 2019 First Set of Interrogatories and Requests for Production to Plaintiff. Mr. Smith also failed to respond to defense counsel's numerous requests for a discovery conference via email, U.S. Mail, certified U.S. Mail, and phone. On August 14, 2019, the court ordered Mr. Smith to provide "complete responses to Defendant's interrogatories and requests for production no later than Friday, 8/30/19." (Dkt. #31). The court also warned Mr. Smith that his failure to "timely comply with this order to produce discovery may result in the court's entry of sanctions against him,

ORDER GRANTING DEFENDANT'S
UNOPPOSED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
Page 2 of 4

Reed Pruett Walters PLLC
11120 NE 2nd Street NE, Suite 200
Bellevue, WA 98004
425-512-3253

including the dismissal of his case for lack of prosecution or participation." *Id.* Mr. Smith has not provided the required discovery response.

Dismissal with prejudice of Plaintiff's Complaint for failure to prosecute is appropriate in this matter because: (1) the substantial passage of time from the discovery due date, (2) the significant prejudice to Defendant, (3) the upcoming discovery deadlines, (4) Mr. Smith's three previous extensions on other court deadlines, (5) Mr. Smith's violation of the Court's August 14, 2019 Minute Order, (6) Mr. Smith's failure to communicate with ETS counsel (ignoring ETS counsel's numerous requests to "meet and confer"), and (7) Mr. Smith's failure to pick up ETS counsel's certified letter from the post office (Dkt. #30). Mr. Smith's failure to prosecute is, therefore, unreasonable and willful.

The *Eisen* factors strongly in favor of dismissal with prejudice. The delay caused by Mr. Smith's willful conduct negatively affects the public's interest in expeditious resolution of litigation and the court's need to manage the docket. The risk of prejudice is significant as discovery and motion deadlines are looming and defendant is without basic information and documents from Mr. Smith. Less drastic sanctions have been attempted, including a teleconference with the Court on August 14, 2019, issuing a warning to Mr. Smith regarding the possibility of dismissal, and the August 14, 2019 Minute Entry extending Mr. Smith's deadline to respond to August 30, 2019. While public policy favors the disposition of actions on their merits, this factor is outweighed by the four other factors supporting dismissal with prejudice.

ORDER GRANTING DEFENDANT'S
UNOPPOSED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
Page 3 of 4

Reed Pruett Walters PLLC
11120 NE 2nd Street NE, Suite 200
Bellevue, WA 98004
425-512-3253

1   Having considered all of the forgoing, the court GRANTS the Defendant's motion and
2   dismisses with prejudice the Plaintiff's Complaint.

Dated this 21st day of October, 2019.

UNITED STATES DISTRICT JUDGE
ROBERT ROBART

Presented by:

REED PRUETT WALTERS LARSEN, PLLC

s/ Theresa E. Pruett
Theresa E. Pruett WSBA No. 26063
Attorneys for Defendant Evergreen Treatment Services

ORDER GRANTING DEFENDANT'S
UNOPPOSED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
Page 4 of 4

Reed Pruett Walters PLLC
11120 NE 2nd Street NE, Suite 200
Bellevue, WA 98004
425-512-3253